811 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Amy BAXTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3994.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before LIVELY, Chief Judge, and KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from a final order affirming the Secretary's denial of her application for social security disability benefits. The parties waived oral argument and the case was submitted on briefs and the administrative record.
 
 
 2
 The plaintiff's present application for benefits was filed on January 17, 1983, alleging that she had been unable to work since August 5, 1976 due to back pain. Following a hearing before an administrative law judge, the ALJ found that although plaintiff had "low back pain," it did not significantly limit her ability to perform basic work related activities and thus was not a severe impairment, and entered a decision denying benefits. When this decision was affirmed by the Appeals Council, the plaintiff brought this action in the district court which entered the order appealed from.
 
 
 3
 The plaintiff is now 61 years old. She underwent back surgery in 1979 and X-ray evidence indicated that the surgery was successful. However, plaintiff continued to complain of low back pain and pain in her left hip. The evidence relating to the years since plaintiff's insured status expired is much more complete than that relating to the period of coverage. The medical evidence for both periods is in conflict, although CAT scans taken just two weeks after the expiration of plaintiff's insured status revealed only mild degenerative changes and no evidence of herniated disc material. Plaintiff testified to constant low back pain radiating into her hip and calf and stated that at the time of the hearing she could walk only short distances, that sitting hurt and that she could not stand for long periods of time.
 
 
 4
 The only issue on appeal is whether the decision of the Secretary is supported by substantial evidence. The ALJ determined that plaintiff's impairment was "not severe" as that term is used in 20 C.F.R. Sec. 404.1520(c). The ALJ made the following finding:
 
 
 5
 The claimant does not have any impairment or impairments which significantly limit her ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment.
 
 
 6
 Although plaintiff argues that this finding fails to conform to the definition of "non-severe" impairments adopted by this court in Farris v. Secretary, 773 F.2d 85 (1985), and Salmi v. Secretary, 774 F.2d 685 (1985), we disagree. In Farris, 773 F.2d at 90 this court wrote:
 
 
 7
 [A]n impairment can be considered as not severe, ... only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'
 
 
 8
 (Citation omitted).
 
 
 9
 With respect to plaintiff's claim of disability from constant pain, we find no objective evidence in the record to support the claim and are unable to conclude, based solely on the plaintiff's subjective complaints of pain, that the Secretary's decision lacks substantial evidence.
 
 
 10
 We emphasize that plaintiff had the burden of proving that she was disabled between August 5, 1976 and the expiration of her insured status on September 30, 1981. Considering the evidence which relates to plaintiff's condition during this period, we conclude that the decision of the Secretary is based on substantial evidence.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.